UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAQUETTA SHAW                                CIVIL ACTION

VERSUS                                       NO: 19-14778

CIOX HEALTH, LLC                             SECTION: "H"

## ORDER AND REASONS

Before the Court are Defendant's Motion to Strike (Doc. 25) and Plaintiff's Motion to Strike (Doc. 26). For the following reasons, Defendant's Motion to Strike is **GRANTED** and Plaintiff's Motion to Strike is **DENIED**.

## BACKGROUND

Plaintiff Jaquetta Shaw filed this *pro se* action against Defendant Ciox Health, LLC, alleging discrimination under Title VII and under 42 U.S.C. § 1981. Specifically, she alleges that Defendant denied her a wage increase during the period of December 2013 to April 2016, despite giving an increase to her Caucasian co-worker. Plaintiff further alleges that Defendant discriminated against her by terminating her employment.

Before the Court are Defendant and Plaintiff's Motions to Strike. In Defendant's Motion to Strike, Defendant asks this Court to strike from the record Plaintiff's "Response Memorandum to Defendant Affirmative Defense Answer" ("Plaintiff's Response Memorandum") on the grounds that Plaintiff's Response Memorandum is not of a form authorized by the Federal Rules of Civil Procedure. Plaintiff does not oppose Defendant's Motion. In Plaintiff's Motion to Strike, Plaintiff asks this Court to Strike Defendant's affirmative

1

defenses, arguing that each affirmative defense is either factually or legally unsupported. Defendant opposes Plaintiff's Motion.

## LEGAL STANDARD

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] An affirmative defense is subject to the notice pleading standards in Rule 8 and must therefore be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[2] A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly.[3] Thus, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[4] Whether to grant a motion to strike is committed to the trial court's sound discretion.[5]

## LAW AND ANALYSIS

Before this Court are Plaintiff and Defendant's cross Motions to Strike. The Court will address the merits of each Motion in turn.

### I. Defendant's Motion to Strike

In Defendant's Motion to Strike, Defendant asks this Court to strike from the record Plaintiff's Response Memorandum to Defendant's Answer. In Plaintiff's Response Memorandum, Plaintiff argues that the assertions in

---

[1] FED. R. CIV. P. 12(f).
[2] Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999).
[3] *See* Augustus v. Bd. of Pub. Instruction of Escambia Cty., 306 F.2d 862, 868 (5th Cir. 1962).
[4] Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D.La.2011) (internal quotation marks omitted); *accord* Diesel Specialists, LLC v. MOHAWK TRAVELER M/V, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011).
[5] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).

2

Defendant's Answer are both factually and legally incorrect. Plaintiff also attaches 45 pages of evidence that allegedly contradict Defendant's assertions. Defendant now asks this Court to strike Plaintiff's Memorandum on the grounds that the document is not in conformity with the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 7(a) states that the only pleadings allowed are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Here, Plaintiff's filing most closely resembles a reply to an answer. As this Court has not ordered or permitted Plaintiff leave to file such a document, Defendant is correct that Plaintiff's filing is not in conformity with the Federal Rules of Civil Procedure.

Additionally, the Court notes that, because of the legal arguments and evidence that Plaintiff includes in her Response Memorandum, Plaintiff's Response Memorandum could possibly be construed as an attempted motion for summary judgment. Since Plaintiff filed her Response Memorandum, however, Plaintiff has appropriately filed two motions for summary judgment with the relevant evidentiary support. Accordingly, this Court sees no need to construe Plaintiff's Response Memorandum as anything other than an improperly filed reply. Defendant's Motion to Strike is therefore granted, and Plaintiff's Response Memorandum is hereby stricken from the record.

## II.     Plaintiff's Motion to Strike

In Plaintiff's Motion to Strike, she asks this Court to strike all 19 of Defendant's affirmative defenses on the grounds that they are legally incorrect or factually unsupported. Plaintiff also attaches evidence to her Motion to Strike that allegedly contradicts Defendant's affirmative defenses. In

opposition, Defendant argues that its affirmative defenses sufficiently place Plaintiff on notice as to the defenses asserted and that Plaintiff's allegations, even if true, do not warrant that the defenses be stricken.

Federal Rule of Civil Procedure 12(f) allows a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Yet, "[a] court cannot decide a disputed issue of fact on a motion to strike. Further, courts should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party."[6] Here, Plaintiff argues that Defendant's affirmative defenses should be stricken because they are either not supported by the law or contradicted by the evidence. "'Under such circumstances, the court . . . should defer action on the motion and leave the sufficiency of the allegations for determination on the merits.'"[7] Accordingly, Plaintiff's allegations do not justify striking Defendant's defenses.

Plaintiff also contends that Defendant's affirmative defenses 3, 4, 9, 11, 12, 17, 18, and 19 should be stricken "because [they are] not . . . affirmative defense[s] by law."[8] In Defendant's Opposition to Plaintiff's Motion to Strike, Defendant explains how each of these defenses is either a judicially-recognized affirmative defense or a defense that, although not required to be asserted in its Answer, is properly included to give Plaintiff fair notice of Defendant's position. This Court finds that Defendant has demonstrated that its inclusion of each affirmative defense is justified. Plaintiff's request to strike these defenses is denied.

---

[6] Spoon v. Bayou Bridge Pipeline, LLC, 335 F.R.D. 468, 470 (M.D. La. 2020) (citing Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).
[7] *Id.* (quoting *Augustus*, 306 F.2d at 868).
[8] *See* Doc. 26-1 at 3.

4

Finally, Plaintiff argues that at least some of Defendant's affirmative defenses should be stricken because they are contrary to this Court's ruling in its Order and Reasons on Defendant's Motion to Dismiss.[9] In this Court's Order and Reasons dated July 8, 2020, this Court denied Defendant's motion insofar as it asked this Court to dismiss Plaintiff's claims under Title VII and § 1981 for failure to state a claim.[10] Plaintiff now asks this Court to strike Defendant's first affirmative defense—that Plaintiff has failed to state a claim—and Defendant's eighth affirmative defense—denying that Defendant engaged in intentional, malicious, or reckless conduct—because this Court previously found that Plaintiff stated a claim and because "plaintiff proved intentional discrimination in [the] motion to dismiss."[11] First, this Court's partial denial of Defendant's Motion to Dismiss is not sufficient justification to strike Defendant's affirmative defenses. Second, Plaintiff should note that, contrary to her assertions, this Court has not yet found that Plaintiff has proved intentional discrimination. To the extent that this Court found for Plaintiff in addressing Defendant's Motion to Dismiss, this Court merely found that Plaintiff had pled sufficient facts to make her claim for discrimination *plausible*.[12] This Court, however, has yet to find that Defendant is liable for discrimination. Again, Plaintiff has not demonstrated good cause to strike Defendant's affirmative defenses, and her Motion to Strike is accordingly denied.

---

[9] Doc. 17.
[10] *See. Id.* at 10–13.
[11] Doc. 26-1 at 3.
[12] *See* Doc. 17 at 11.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike (Doc. 25) is **GRANTED** and Plaintiff's Motion to Strike (Doc. 26) is **DENIED**.

**IT IS ORDERED** that Plaintiff's Response Memorandum (Doc. 21) be and is hereby stricken from the record.

New Orleans, Louisiana this 5th day of February, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**