UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAQUETTA SHAW | * | CIVIL ACTION |
| VERSUS | * | NO. 19-14778 |
| CIOX HEALTH LLC | * | SECTION "H" (2) |

<u>**ORDER AND REASONS**</u>

Before me is Defendant's Motion to Set Attorneys' Fees (ECF No. 93) incurred in filing a Motion to Compel (ECF No. 46), which this Court granted as unopposed on November 12, 2020. ECF No. 53.  This motion was scheduled for submission on March 10, 2021.  ECF No. 93-3.  As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on March 2, 2021.  *See* E.D. La. LR 7.5.

Having considered the record, the written submissions of counsel, the lack of an Opposition Memorandum, and the applicable law, IT IS ORDERED that Defendant's motion is GRANTED IN PART AND DENIED IN PART as follows.

## I.   <u>FACTUAL BACKGROUND</u>

Plaintiff filed suit alleging race and color discrimination in violation of Title VII and 42 U.S.C. § 1981 based on her alleged denial of a wage increase and termination.  ECF No. 1, at 3, 7–8.  In response to Defendant's Rule 12(b)(6) motion, Judge Milazzo dismissed Plaintiff's Title VII claims for color discrimination and her Title VII claims for race and color discrimination based on the denial of a wage increase, leaving for resolution her Title VII and § 1981 claims for race discrimination related to her termination and § 1981 claim related to her denial of wage increase. ECF No. 17.

On October 21, 2020, Defendant filed a Motion to Compel seeking an Order compelling Plaintiff to respond to its First Set of Interrogatories and Requests for Production of Documents,

which were propounded on September 10, 2020.  ECF No. 46-1, at 1.  Plaintiff failed to file any Opposition to the Motion and this Court granted the motion on November 12, 2020.  ECF No. 53. Defendant has now filed a Motion to Set Attorneys' Fees, seeking $1,767.00 in fees incurred in filing the Motion to Compel.  ECF No. 93.  Plaintiff failed to file any Opposition Memorandum.

## II.    STANDARD OF REVIEW

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard.  Fed. R. Civ. P. 37(a)(5)(A).  The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees.[1] Lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2]  The court should exclude all time that is excessive, duplicative, or inadequately documented.[3]  "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[4]

The lodestar calculation, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[5]  Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[6]  If the *Johnson* factors warrant an

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process.  First, the court calculates the 'lodestar'. . .").

[2] *Hensley*, 461 U.S. at 433; *Jimenez*, 621 F.3d at 379–80 (citations omitted).

[3] *Jimenez*, 621 F.3d at 379–80; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

[4] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

[5] *Hensley*, 461 U.S. at 433.

[6] *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).  The twelve Johnson factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and

adjustment, the court may make modifications upward or downward to the lodestar.[7]  "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[8]  The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### III.   LAW AND ANALYSIS

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[10]  In this case, Plaintiff seeks to recover $1,767.00, supported by Affidavits identifying 3.8 hours of work performed.  ECF Nos. 93-2, at 4.  Of the 3.8 hours, .7 of the time relates to Rule 37 meet and confer efforts and 3.1 hours relate to the Motion to Compel and related documents.  *Id.*  Although Defendant sought to file a Supplemental Memorandum, the motion was denied.  ECF Nos. 52 & 54.  Defendant does not seek to recover any of those costs, nor does Defendant seek to recover any costs associated with this Motion to Set Fees.

Defendant seeks to recover based on an hourly billing rate of $465.  ECF No, 93-2, at 4.

### A.   Lodestar Calculation

#### 1.   Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work."[11]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar

---

ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717.

[7] *Watkins*, 7 F.3d at 457.

[8] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).

[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

[10] *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[11] *Black v. SettlePou, P.C*., 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co*., 685 F.3d 486, 490 (5th Cir. 2012)).

services by attorneys of reasonably comparable skills, experience, and reputation.'"[12] Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13] If the hourly rate is not opposed, it is prima facie reasonable.[14] In this case, Plaintiff has not opposed the motion. Thus, Defendant's unrefuted evidence as to the rate stands alone. The court, however, expressly notes that it makes no finding that Defendant's $465 an hour rate for a 16-year attorney is a reasonable rate within the community for this type of work.

### 2.  Hours Reasonably Spent on Litigation

Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[15] That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[16] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[17] Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[18]

---

[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[13] *Blum*, 465 U.S. at 896 n.11.

[14] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).

[15] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

[16] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).

[17] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, Mag. J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).

[18] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

The supporting affidavit reflects that 3.8 hours were incurred incident to the Motion to Compel.  Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery.[19]  Defendant has included .7 in pre-motion meet and confer efforts.  Further, it should not have taken even 3 hours to file this simple Motion to Compel involving a total failure to respond to discovery.  Rule 37 limits recoverable hours to those reasonable hours directly connected to the motion to compel.[20]  The court finds, under the facts here, 2 hours is the maximum reasonable amount of time necessary to secure the order compelling discovery.

**B.  <u>Adjusting the Lodestar</u>**

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

**IV.  <u>CONCLUSION</u>**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Ciox Health LLC's Motion to Set Attorneys' Fees (ECF No. 93) is GRANTED IN PART AND DENIED IN PART as stated herein.  Defendant is awarded reasonable attorneys' fees and expenses in the amount of $930.00.

IT IS FURTHER ORDERED that Plaintiff satisfy the obligation to Defendant no later than twenty-one (21) days from the issuance of this Order.

New Orleans, Louisiana, this _____10th_____ day of March, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[19] *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *see also American Hangar, Inc. v. Basic Line, Inc*. 105 F.R.D. 173, 175–76 (D. Mass. 1985) (stating that Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute); *see SCM Societa Commerciale S.P.A. v. Indus. & Commercial Research Corp.,* 72 F.R.D. 110, 112 (N.D. Tex. 1976) (stating Rule 37(b) provides for a wider range of sanctions than does Rule 37(a)).

[20] *Stagner v. W. Kentucky Navigation, Inc*., No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").