UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAQUETTA SHAW
PLAINTIFF(S)

CIVIL ACTION

No. 19-14778

SECTION: H (2)

VERSUS

DEFENDANT(S)
CIOX HEALTH LLC

## PLAINTIFF JAQUETTA SHAW MOTION FOR SUMMARY JUDGMENT

Plaintiff Jaquetta Shaw started working for Ciox Health in July 2012 processing medical records request in New Orleans, La. Jenni Giraud Plaintiff's comparator started working for Ciox Health in February 2013 processing medical records request in New Orleans, La. Plaintiff Jaquetta and her comparator Jenni Giraud both signed Ciox Health Business Ethics and Conduct Policy (See Exhibit A) Plaintiff started working on the DET Queue when she had downtime. Plaintiff started working on the DET Queue as her permanent job. The DET Queue portal has all the different kinds of request. ROI Specialist are assigned different type of request. Plaintiff excelled working on the DET Queue portal. (See Exhibit B)

Plaintiff request a raise from than District Manager Jennifer Lombard and Plaintiff was given excuses as to why she could not receive a raise. Plaintiff received only the cost of living raise that was across the board in which everyone received including Plaintiff's comparator Jenni Giraud. Jenni Giraud was also given an actually raise in January and the cost of living while Plaintiff district manager would give Plaintiff the run around and/or excuses about a raise. Plaintiff had been requesting a raise since 2013. Plaintiff received an actual raise in February because Plaintiff told manager that comparator stated she request and received a raise before Plaintiff. Plaintiff comparator Jenni Giraud than received another raise in February 2016. (See Exhibit B)

Plaintiff Jaquetta Shaw was fired by Ciox Health in November 2016 allegedly because the Customer(Tulane) recommended associates removal from their

TENDERED FOR FILING

AUG 06 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

account. Tulane Hospital provided a Position Statement stating this was not true and Tulane the customer did not having anything to do with Plaintiff Jaquetta firing. Plaintiff's comparator Jenni Giraud was able to resign in November 2016 after Jenni Giraud violated Ciox Health and HIPAA policy. (See Exhibit C)

Ciox Health has lied in their Material Facts for there summary judgment motion number 34 states Plaintiff was promoted in April 23, 2016. This is not true Plaintiff job title only changed as with everyone else across the broad Plaintiff did not receive a promotion and/or increase as Plaintiff comparator did in April, Plaintiff salary remained the same for unknown reason. (See Exhibit D) Ciox Health also lied on number 41 of defendant material facts for summary judgment. Since the beginning of this suit Ciox Health has alleged Plaintiff Ms. Shaw was the reason behind Jenni Giraud reduction in hours and/or change of schedule because Jenni Giraud felt threaten by Plaintiff Jaquetta Shaw. Now Ciox Health is stating that Ciox did not mention anything about Plaintiff was the cause of a coworker Jenni Giraud change of schedule and/or hours. Ciox lied in their Position statement and their material facts for Summary judgment. Mrs. Julie Adams have provided a text conversation between Plaintiff witness Julie and Plaintiff's comparator Jenni Giraud, and Jenni states that Plaintiff was not the cause of her reduction in hours and/or change of schedule. Ciox also lied in their position statement and blame Plaintiff Jaquetta for an incident on October 24, 2016. Plaintiff did not have anything to do with the incident on 10/24/2016. Ciox alleges that this incident was Plaintiff final incident. Plaintiff name was not mentioned in the incident report Plaintiff coworker name is mentioned as the person responsible Shauna. (See Exhibit E) Ciox also lied on a document that defendant presented as evidence. Defendant lied and stated that Plaintiiff Jaquetta and Julie Adams than site supervisor did not get alone and it gets bad. Julie Adams provided a notarized document stating this is not true. Defendant Ciox Health and/or attorney lied in Material facts and declaration of Shrestha Taylor. Ciox Health has violated there own policy. Ciox Health had Plaintiff Jaquetta Shaw reporting directly to family members and this is against Ciox Health policy. (See Exhibit G). Plaintiff never had a fair chance.

> Plaintiff Jaquetta Shaw pending charges against Ciox Health are: Plaintiff Title VII claim for race discrimination related to her termination, Plaintiffs 1981 claim for race discrimination related to the denial of a wage increase, and Plaintiffs 1981 claim for race discrimination.

situated employees." Carney v. City and County of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008).

**Prima Facie Case**

To establish a prima facie case for race discrimination under Title VII Plaintiff Jaquetta must show that **(1)** she is a member of a protected class: Plaintiff is African American **(2)** was qualified for her position; Plaintiff was qualified and performed satisfactory **(3)** was subject to an adverse employment action, and Plaintiff was fired and Plaintiff was denied a raise while comparator Jenni Giraud received raises not just cost of living and resigned after violating HIPAA and Ciox Health policy **(4)** She was replaced by a person outside the protected class or was treated less favorably than a similar situated employee outside of her protected class. If a plaintiff states a prima facie case, the burden shifts to the employer to proffer a legitimate non-discriminatory purpose for the adverse employment action. Defendant still have not given a non-discriminatory reason for plaintiffs termination nor denial of a wage increase.

**Similar Sitatued**

To be similarly situated, "the plaintiff must show that 'all of the relevant aspects of his employment situation were 'nearly identical' to those of the comparable employee's employment situation.'" O'Donnell v. City of Cleveland, 838 F.3d 718, 727 (6th Cir. 2016) (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998)) (some internal marks omitted)
Plaintiff comparator Jenni Giraud resigned after violating Ciox Health and HIPAA policy and Jenni Giraud received a raise before me Jaquetta Plaintiff even though I requested and started before Jenni Giraud. Laster v. City of Kalamazoo. (See Exhibit H and I ) A Title VII claim may be established through proof of a defendants mere negligence without a showing of discriminatory intent, a Plaintiff pursuing a claimed violation of 1981 must show that the discrimination was intentional.

**1981 42 U.S.C**

section 1981 are governed by the same evidentiary framework applicable to employment discrimination claims under Title VII." Pegram v. Honeywell, Inc., 361 F.3d 272, 281 n. 7 (5th Cir. 2004). Title VII forbids an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In employment

discrimination cases, such as the one sub judice, discrimination under section 1981 may be proven "through direct or circumstantial evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 345 (5th Cir. 2007) (citing Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003)). In a case where a plaintiff produces no direct evidence of discriminatory intent, the Court must evaluate proof of circumstantial evidence using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). See Alvarado v. Tex. Rangers, 492 F.3d 605, 611 (5th Cir. 2007) (citing Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 219 (5th Cir. 2001)); see also Turner, 476 F.3d at 345 (citing Rutherford v. Harris Cnty., 197 F.3d 173, 179–80 (5th Cir. 1999)). Under the McDonnell Douglas burden-shifting framework: [A] plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The burden on the employer at this stage is one of production, not persuasion; it can involve credibility assessment. If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

Defendant Ciox Health stated reason for Plaintiff Jaquetta termination was because customer Tulane Hospital & Clinic recommended associate removal. Tulane however provided a Position statement stating that Tulane had nothing to do with Plaintiffs termination. Plaintiff comparator Jenni Giraud violated Ciox Health and HIPAA violation and she was able to resign. Every associate is responsible for complying with this policy of business and ethics and conduct, according to Ciox Health policy. The only difference between Jenni Giraud and Plaintiff Jaquetta is the color of their skin. (See Exhibit J) Ciox Health also has violated there own policy. Plaintiff Jaquetta never had a fair chance because Plaintiff was reporting directly to family member. Jennifer Lombard was the District Manager, Haley Nemeth was the Area manager, and Leslie Comeaux was the site coordinator. Ciox states in there policy that hiring of relatives and close friends who report to one another or who are within the same chain of command within Ciox Health can adversely affect individual and team performance. Therefore, close relatives and close friends of CIOX Health associates may be

employed by CIOX Health only when the company determines their employment will not:

(1) Create either a direct reporting relationship or an indirect reporting relationship in the same chain of command;

(2) Cause and adverse impact on individual or team performance;or

(3) Cause an actual or perceived notion of favoritism.

Plaintiff 1981 claim for race discrimination related to the denial of a wage increase and Plaintiff 1981 claim for race discrimination related to her termination.

Section 1981 claims are governed by a four year statue of limitation period. The continuing violation doctrine theory may apply to save otherwise time barred claims. Under this doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, if the plaintiff can show a series of related acts, one or more of which the limitation period. To find a continuing violation the court must consider whether the discriminatory acts involve the same type of discrimination, the frequency of the acts, and whether the acts involve a degree of permanence which should trigger an employee's awareness and duty to assert his or her rights. Plaintiff Jaquetta was denied a raise increase while Plaintiff comparator received a raise NOT cost of living in which everyone gets across the board. Plaintiff asked for a raise but was denied and district manager Jennifer Lombard kept giving excuses to why she couldn't give Plaintiff a raise but Jennifer Lombard gave Jenni Giraud who started working with the company after the Plaintiff a raise. Plaintiff received a raise in February 2016 because Plaintiff told manager Jenni Lombard that she knew Jenni Giraud received a raise. Plaintiff was than giving a raise but Jenni Giraud also received another raise even though Jenni Giraud Plaintiff comparator had received a raise in January. Plaintiff filed this lawsuit on December 30, 2019 and Plaintiff was fired November 2016. In Mitchell, the plaintiff alleged that he suffered discrimination when his name was omitted from election ballots in 2003 and again in 2006. To avoid dismissal for untimeliness he attempted to rely on the continuing violation doctrine to save his claims based on the 2003 election was "an act of sufficient permanence and found that it was. Then noted that after the 2003 election the plaintiff sent a formal complaint to the defendant. He detailed the extent to which he believed he had been frustrated in his efforts since November 2001 to gain the necessary qualifications to become a rive port pilot. The court wrote that it is clear from the culmination of a one and a half hear effort

to prevent him from standing for election as a river port pilot. Plaintiff complaint, however, her allegations suggest that she reasonably believer her supervisor excuses. The excuses given by manager were not sufficient when the manager gave Jenni Giraud a raise. As a matter of law Plaintiff Jaquetta Shaw is entitled to full Summary Judgement. Defendant reason for Plaintiffs termination are pretext and/or false. Pretext means a sham or false reason that an employer provides to terminate or take an adverse action against an employee. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1080 (10th Cir. 1999). Pretext may include, among other things, evidence of prior treatment of plaintiff, disturbing procedural irregularities and use of subjective criteria. Simms v. Okla. ex rel Dept. of Mental Health, 165 F.3d 1321, 1328 (10th Cir. 1999). Since the beginning of this suit Ciox Health stated Customer did not want Ms Shaw there at Tulane and Ciox Health, also in Ciox Health material facts Ciox have been blaming Plaintiff for Jenni Giraud wanting to reduce and/or change her schedule so Jenni Giraud could avoid Plaintiff Jaquetta. Another lied by Ciox Health, Ciox Health has been stating this since August 2019 in their Position Statement, and Shrestha Taylor committed perjury in her Declaration, now they are stating Ms. Shaw is not responsible for Jenni Giraud schedule change after stating Plaintiff was reason behind Jenni Giraud schedule change. (See Exhibit L)

In Miller v. Raytheon Co., Plaintiff was awarded Summary Judgment because of undisputed evidence that Raytheon made erroneous statements in an EEOC position statement. It is undisputed that defendant and/or attorney lied in their position statement. Plaintiff Jaquetta is entitled to summary judgment as a matter of Law. In Vaughn v. Empire City Casino the defendant gave many reason for the Plaintiff's termination and summary judgment was grant to the Plaintiff because the plaintiff had raised a triable issue of facts as to whether that reasoning is a pretext for discrimination. See Sista v. CDC Ixis N. Am. Inc., 445 F.3d 161, 173(2d Cir. 2006 holding that pretext may be demonstrated either by the presentation of additional evidence showing that the employers proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case, without more. Ciox Health excuses are implausaibilities, inconsistencies, or contradictions that entitle a plaintiff to the opportunity to present to a trier of facts the question of whether a defendant facially legitimate

explanation are merely pretext for discrimination. Plaintiff have proved her prima facie case in the beginning of these documents, Ciox Health cannot give a non-discriminatory reason for denying Plaintiff a wage increase and terminating Plaintiff employment. As a matter of Law Plaintiff is entitled to Summary Judgment. Hocevar v. Purdue Frederick Co., 223 F.3d 721, 727 (pretext to survive summary judgment exists where there is conflicting evidence of the motivation for discharge). The reason given for Plaintiff Jaquetta termination from Ciox Health is Customer(Tulane) request associate removal this is not true Tulane provided Position Statement.

To survive summary judgment when the employer has articulated a legitimate nondiscriminatory reason for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons[,] or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 644 (3d Cir. 1998) (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir.1994)). To discredit the employer's articulated reason for the adverse employment action, the plaintiff must "point to weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the proffered nondiscriminatory reason did not actually motivate the employer's action." Id. at 644 (citations omitted. Plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision was a pretext for another, discriminatory motive. See Guz, 24 Cal.4th at 351-54; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) Ciox Health also blames Plaintiff Jaquetta for an October 24, 2016 incident in which Ciox Health states this is the final incident for Plaintiff poor performance. Once again Ciox Health has lied and stated that Ciox Health did not state this. Ciox position statement also blames Plaintiff for that October 24, 2016 incident but the incident report states Shauna not Plaintiff Jaquetta. Ciox Health cannot fire for something I did not do Ciox states this incident was the final incident. As a matter of law Plaintiff is entitled to summary judgment. To establish a prima facie case of racially disparate treatment with respect to compensation, the employee must show that white employees were treated differently i.e.. reached certain pay levels faster under cirmcumstances nearly identical to hers. C.f. Mayberry v. Vought Aircraft Co,. 55F3d 1086, 1090

5th Circuit 1995 disparate treatment in the context of a work violation. Pierce v Texas Dept of Transp.m 2002.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this document electronically on all counsel of record either in person or by mailing it postage prepaid on this 5th day of August, 2021.

*Jaquetta Shaw*
Jaquetta Shaw
3700 Division Street
Apt 102
Metairie, LA 70002
(504)255-2905

## LAEDdb_ProSeDocs

| | |
|---|---|
| **From:** | JAQUETTA SHAW <quetta0122@yahoo.com> |
| **Sent:** | Friday, August 6, 2021 6:52 AM |
| **To:** | LAEDdb_ProSeDocs |
| **Subject:** | Case # 2:19-cv-14778 |
| **Attachments:** | NewSummaryJudgement part 1.pdf; NewSummaryJudgement part 2.pdf |

**CAUTION - EXTERNAL:**

Good morning,

My name is Jaquetta Shaw and I sent my motion for Summary Judgment on yesterday, and I think I sent it to the wrong email. Please see motion for summary judgment.

Thanks

Jaquetta

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.