UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAQUETTA SHAW | * | CIVIL ACTION |
| VERSUS | * | NO. 19-14778 |
| CIOX HEALTH LLC | * | SECTION "H" (2) |

**ORDER AND REASONS**

Before me is Defendant's Motion for Sanctions (ECF No. 172), being heard on an expedited basis. ECF Nos. 173; 175. The Court held an in-person hearing on the motion at 1:00 p.m. on Wednesday, November 3, 2021, and thereafter took the matter under advisement. ECF No. 178. Plaintiff did not appear for the scheduled hearing. As of the hearing, Plaintiff's response had not been docketed, but the Court was provided with a copy of Plaintiff's response emailed to defense counsel, which document has been entered into the court record. *See* ECF No. 178-1.

Having considered the record, the oral and written arguments, and the applicable law, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

**I.    FACTUAL BACKGROUND**

Plaintiff filed suit alleging race and color discrimination in violation of Title VII and 42 U.S.C. § 1981 based on her alleged denial of a wage increase and termination. ECF No. 1, at 3, 7–8. In response to Defendant's Rule 12(b)(6) motion, the Honorable Jane Triche Milazzo dismissed Plaintiff's Title VII claims for color discrimination and her Title VII claims for race and color discrimination based on the denial of a wage increase, leaving for resolution her Title VII and § 1981 claims for race discrimination related to her termination and § 1981 claim related to her denial of wage increase. ECF No. 17.

1

Both parties filed motions for summary judgment. Plaintiff filed her summary judgment motions on September 24 and 29, 2020. ECF Nos. 31; 33. Defendant Ciox Health LLC filed its motion for summary judgment on January 5, 2021. ECF No. 70. The parties filed Opposition Memoranda. ECF Nos. 71; 87. Ciox filed a Reply Memorandum. ECF No. 92. On September 9, 2021, Judge Milazzo denied Plaintiff's motion and granted Defendant's motion, dismissing this case with prejudice. ECF No. 165. The court entered judgment on September 10, 2021 (ECF No. 166), and Plaintiff filed a Notice of Appeal on October 7, 2021. ECF No. 168.

Just over two weeks after Plaintiff's notice of appeal, Defendant filed this Motion for Sanctions on the basis that Plaintiff violated this Court's Protective Order (ECF No. 43). *See* ECF No. 172. Specifically, Defendant contends that Plaintiff sent an email with the subject line "RACIST DISCRIMINATED" and an attached "RACIST LIARS" letter and "exhibits" to two employees of a contractual business partner (Parallon Business Performance Group) attaching documents produced in discovery and designated as "Confidential Subject to Protective Order."[1] Ciox contends that Plaintiff indicated her intent to publish additional "confidential information" in the future. *Id.* at 3. Ciox requests that this Court instruct Plaintiff to immediately cease any current or future conduct that violates the Court's Protective Order, impose monetary sanctions equal to Ciox's attorneys' fees and expenses incurred in filing this motion, and issue any other appropriate relief. *Id*. at 6.

In Plaintiff's Opposition, she contends that her disclosure of documents produced in discovery and marked confidential did not violate the Court's Protective Order because the case was dismissed on September 9, 2021. ECF Nos. 176-1, at 1; *see also* ECF No. 177. Plaintiff appears to rely on language from a draft protective order which states that the protective order

---

[1] ECF No. 172-2, at 2–3. The Court notes that Defendant Ciox attached some of the identified "confidential" documents at issue to its Motion for Sanctions and did not redact or seek to seal same. *See, e.g.*, *id*. at 5–6, 18–19.

expires "upon the conclusion of this litigation by any dismissal or by final judgment . . . ." *Id.* at 4. At the scheduled hearing that Plaintiff did not attend, Defendant Ciox clarified that the draft protective order that Plaintiff attached to her memorandum was a proposed protective order to which she did not agree after which the Court entered its standard protective order. ECF No. 43.

## II.   APPLICABLE LAW AND ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure empowers the court to impose sanctions against a party for failure to obey a discovery order. Fed. R. Civ. P. 37(b). These sanctions include issuance of an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition to this broad range of sanctions, including contempt, Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order.[2] Although a court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct," usually, "a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b) –

---

[2] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

striking pleadings or dismissal of a case."[3]  Lesser sanctions do not require a finding of bad faith or willfulness.[4]

"The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[5]  "Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[6]  Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections afforded to criminal proceedings.[7]  In contrast, civil contempt is designed to compel compliance with court orders and may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[8]  Civil contempt proceedings are coercive in nature and may be avoidable through obedience.[9]

Federal courts also have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which includes the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court.[10]  Civil contempt – unlike criminal contempt – "is a facet of a principal suit."[11]  Civil contempt is remedial; the penalty serves to enforce compliance with a court order or to compensate or benefit the complainant.[12]

---

[3] *Id.* (internal citations and quotations omitted) (citing *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)).
[4] *Id.* (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993)).
[5] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (internal quotations and citations omitted).
[6] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014).
[7] *See id.*
[8] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).
[9] *Id.*
[10] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted)
[11] *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978).
[12] *Id.* (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").

The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court order.[13] The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[14] Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[15] Indeed, even an unintentional violation of a protective order may lead to civil sanctions, but the court should consider the degree of willfulness in determining the appropriate sanction.[16]

Under Rule 37, a party may seek sanctions and a finding of civil contempt for another party's violation of a court's protective order.[17] Sanctions are proper where clear and convincing evidence indicates "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order."[18] "The court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees,

---

[13] *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992); *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).
[14] *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'") (quoting *Travelhost, Inc.*, 68 F.3d at 961); *accord Hornbeck Offshore Servs., L.L.C. v. Salazar*, 701 F.3d 810, 815 (5th Cir. 2012) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence).
[15] *See Whitfield*, 832 F.2d at 913 (citation omitted).
[16] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, *2 (E.D. La. July 6, 1992) (citations omitted).
[17] *See Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *2 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp..*, 283 F.3d at 290) (upholding civil contempt order imposed as sanction for violation of a protective order)).
[18] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)).  Courts also require a showing of damages resulting from the violation.  *Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006).

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In this case, to expedite discovery and avoid unnecessary disputes over production of confidential documents, this Court entered its standard Protective Order. ECF No. 43. This Order specifically prevents a party from revealing confidential information produced in discovery and designated as confidential by the other party. *Id.* ¶5, at 5–6. Specifically, initially paragraph 5(b) of the Protective Order expressly restricts disclosures to third parties:

> The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below.

Moreover, paragraph 5(a) of the Protective Order explicitly applies through the conclusion of the litigation, including appeal:

> General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

ECF No. 43, at 5. Further Section 12(a) makes clear that the Protective Order remains in force after dismissal:

> Order Continues in Force. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

Plaintiff's contention that the Protective Order no longer applies to the documents produced in this case is patently inconsistent with the express terms of the Protective Order entered by this Court.

Non-compliance with the Protective Order is also not excused by a party disagreement with the validity of the designation. Indeed, the Protective Order itself includes detailed process for how a party may challenge a designation with which it disagrees. *Id.* ¶8, at 7–8. This process includes a meet-and-confer session followed by a motion by the challenging party identifying the

challenged material and setting forth the basis for the challenge. *Id.* at 7. Thus, a party may not disclose material marked confidential under the protective order until after the Court has ruled that the material has been designated improperly.[19]  *See id.* at 8.

## III.    CONCLUSION

The protective order precludes disclosure of documents to third parties when the documents are produced in the litigation and marked confidential and expressly limits the use of the documents for purposes of *this* litigation. ECF No. 43, at 5. The Protective Order also makes clear that the obligations continue through appeal and after dismissal. Accordingly, Plaintiff may not use or disclose any confidential documents produced in this case, even after dismissal or entry of final judgment, except for purposes of this litigation and appeal. Plaintiff failed to comply with the Protective Order when she sent documents produced in this litigation and marked as confidential by Ciox to employees of Parallon Business Performance Group. Even if Plaintiff's noncompliance was unintentional or without realizing that her conduct would violate the Protective Order, Ciox is entitled to some relief, with stricter sanctions reserved for willful noncompliance or bad faith.

As Plaintiff has violated the Court's Protective Order and stated she planned to release confidential documents to more entities (*see* ECF No. 172-2, at 2–3), the Court is amending paragraph 12 of the Protective Order (ECF No. 43) to require Plaintiff to return all hard copies and destroy all electronic copies of documents marked confidential and produced by Ciox in this litigation within seven (7) days of this Order, or by Thursday, November 11, 2021. If Plaintiff fails to do so, she could face additional sanctions.

---

[19] The movant Ciox attached to its Motion several documents marked as confidential and shared by Plaintiff Shaw. By doing so, Ciox has also released these confidential documents into the public record without first seeking to file same under pursuant to Local Rule 5.6 or withdrawing the confidential designation under the Protective Order.

Although the Court has the discretion to treat violations of discovery orders as civil contempt, the Court declines to treat Defendant's violation of the Court's October 14, 2020 Protective Order as civil contempt at this time.  Plaintiff's disclosure of documents in violation of the October 14, 2020 Protective Order is her first violation.  Given her *pro se* status, the Court will exercise leniency for this violation by imposing only the minimum necessary sanctions needed to remedy this infraction (i.e., awarding Ciox its cost and attorneys' fees incurred in filing this motion).  If the Plaintiff commits future violations of this Court's Order by sending confidential documents to anyone not specifically allowed by the Protective Order, the Court will impose harsher sanctions.  Plaintiff is strongly advised to comply with this Court's Orders in the future or face severe sanctions, including but not limited to contempt of court.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Ciox's Motion for Sanctions (ECF No. 172) is GRANTED IN PART.  Plaintiff is found to have violated the Protective Order by disclosing documents produced in this litigation and marked confidential by Ciox, entitling Ciox to an award of costs and fees.

IT IS FURTHER ORDERED that paragraph 12 of the Protective Order (ECF No. 43) is hereby amended to require Plaintiff to return to Defendant and/or destroy all documents produced by Ciox in the litigation and marked confidential, including any copies or electronic copies, within 7 days of this Order (i.e., by Thursday, November 11, 2021).

IT IS FURTHER ORDERED that Ciox file a motion to set attorneys' fees and costs, attaching the necessary supporting documentation, within 7 days of the date of this Order.

New Orleans, Louisiana, this 4th day of November, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE