UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAQUETTA SHAW | * | CIVIL ACTION |
| VERSUS | * | NO. 19-14778 |
| CIOX HEALTH LLC | * | SECTION "H" (2) |

**ORDER AND REASONS**

Before me is Defendant's Motion to Set Attorneys' Fees (ECF No. 180) incurred in filing a Motion for Sanctions (ECF No. 172), which this Court granted on November 4, 2021. ECF No. 179. This motion was scheduled for submission on December 1, 2021. ECF No. 180-4. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on November 23, 2021. *See* E.D. La. LR 7.5.

Having considered the record, the written submissions of counsel, the lack of an Opposition Memorandum, and the applicable law, IT IS ORDERED that Defendant's motion is GRANTED IN PART AND DENIED IN PART as follows.

**I.   FACTUAL BACKGROUND**

Plaintiff filed suit alleging race and color discrimination in violation of Title VII and 42 U.S.C. § 1981 based on her alleged denial of a wage increase and termination. ECF No. 1, at 3, 7–8. To facilitate discovery in this matter, this Court entered a Protective Order on October 14, 2020. ECF No. 43. Judge Milazzo dismissed this case with prejudice and entered judgment in favor of Defendant. ECF Nos. 165, 166. Plaintiff filed a Notice of Appeal on October 7, 2021. ECF No. 168.

Defendant filed a Motion for Sanctions alleging that Plaintiff violated this Court's Protective Order when she sent an email with the subject line "RACIST DISCRIMINATED" and an attached "RACIST LIARS" letter and "exhibits" to two employees of a contractual business

1

partner (Parallon Business Performance Group) which attached documents produced in discovery by Defendant and designated as "Confidential Subject to Protective Order." ECF No. 172.

Plaintiff did not attend the scheduled hearing, but the Court did consider her filed opposition. *See* ECF Nos. 177–78. In the hearing, Defendant Ciox clarified that the draft protective order that Plaintiff attached to her memorandum was a proposed protective order to which she did not agree after which the Court entered its standard protective order (*see* ECF No. 43). ECF No. 179, at 2–3. After considering the record, the oral and written arguments, and the applicable law, this Court granted in part and denied in part Defendant's Motion for Sanctions and awarded Defendant fees, instructed Defendant to file a Motion to set attorneys' fees and costs within seven days. ECF No. 179. Defendant then timely filed this motion seeking to recover $3,766.50 for fees incurred in filing the Motion for Sanctions. ECF No. 180. Plaintiff failed to file any Opposition Memorandum to this motion.

## II.   STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure empowers the court to impose a variety of sanctions against a party for failure to obey a discovery order, including treasonable expenses, such as attorneys' fees, caused by the failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees.[1] Lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2] The court should exclude all time that is excessive, duplicative, or inadequately documented.[3] "If more than one

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process. First, the court calculates the 'lodestar'. . .").
[2] *Hensley*, 461 U.S. at 433; *Jimenez*, 621 F.3d at 379–80 (citations omitted).
[3] *Jimenez*, 621 F.3d at 379–80 (citations omitted); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

2

attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[4]

The lodestar calculation, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[5] Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[6] If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar.[7] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[8] The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### III.  LAW AND ANALYSIS

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[10] In this case, Defendant seeks to recover $3,766.50, supported by the attached affidavits that identify 6.3 hours of work performed by Ms. Baskinski and 1.8 hours

---

[4] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012) (affirming district court's award of attorneys' fees and noting court reduced fees for duplicate entries); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).
[5] *Hensley*, 461 U.S. at 433.
[6] *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).  The twelve Johnson factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717.
[7] *Watkins*, 7 F.3d at 457.
[8] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).
[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[10] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

of work performed by Ms. Swetman, for a total of 8.1 hours of work.  ECF Nos. 180-2, 180-3.  Defendant does not seek to recover any costs associated with this Motion to Set Fees.

Defendant seeks to recover for the 8.1 hours of work based on an hourly billing rate of $465.  ECF No. 180-2, ¶ 21 at 5, 180-3, ¶ 20 at 6.

### A. Lodestar Calculation

#### 1. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work."[11]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12]  Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13]  If the hourly rate is not opposed, it is prima facie reasonable.[14]

As Plaintiff has not opposed the motion, Defendant's unrefuted evidence as to the rate stands alone.  The court, however, expressly notes that it makes no finding that Defendant's $465 hourly rate for a 16-year attorney is a reasonable rate within the community for this type of work.

#### 2. Hours Reasonably Spent on Litigation

Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting

---

[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).
[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).
[13] *Blum*, 465 U.S. at 896 n.11.
[14] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (citing *Islamic Ctr. of Miss. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989), *overruled on other grounds by Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993)); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).

correspondence."[15]  That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[16]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[17]  Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[18]

The supporting affidavits reflect block billing that makes it difficult to discern the time spent in connection with the sanctions motion and appears to include some clerical-type activities (e.g., revising Notice of Submission, draft proposed Order), and reflects certain duplicative efforts insofar as both attorneys reviewed and revised the document.  Although Defendant's counsel did exercise billing judgment to exclude certain time, considering the issues cited above and the facts in this case, the court finds that the maximum reasonable amount of time necessary compensable in connection with this matter is 4.5 hours.

### B. Adjusting the Lodestar

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Ciox Health LLC's Motion to Set Attorneys' Fees (ECF No. 180) is GRANTED IN PART AND DENIED IN PART as stated herein.  Defendant is awarded reasonable attorneys' fees and expenses in the amount of $2,092.5.

---

[15] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).
[16] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).
[17] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, Mag. J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).
[18] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

IT IS FURTHER ORDERED that Plaintiff satisfy the obligation to Defendant no later than twenty-one (21) days from the issuance of this Order.

New Orleans, Louisiana, this 2nd day of December, 2021.

                                                              _____
                                                              DONNA PHILLIPS CURRAULT
                                                            UNITED STATES MAGISTRATE JUDGE